IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| ASAD RAHMAN and NELDA ST. CLAIR, | Civ. No. 1:15-CV-00388-CL |
| Plaintiffs, | **REPORT & RECOMMENDATION** |
| v. | |
| YOLANDA BARNETT and JOHN/JANE DOES I-X, | |
| Defendants. | |

CLARKE, Magistrate Judge.

Plaintiffs Asad Rahman and Nelda St. Clair bring this action against Defendant Yolanda Barnett and unknown John/Jane Does, alleging that Defendants made defamatory statements about both Mr. Rahman and Ms. St. Clair. Currently before the Court is Defendant's Motion to Dismiss (#15). For the reasons set forth below, Defendant's Motion to Dismiss (#15) should be GRANTED.

## BACKGROUND

The following allegations are set forth in Plaintiffs' Complaint (#1).

1 – Report and Recommendation

Mr. Rahman and Ms. St. Clair both work for the United States Department of the Interior (USDOI). Compl. ¶¶ 1, 4. Mr. Rahman is a firefighter employed as a Supervisor Range Technician. Id. ¶ 2. Ms. St. Clair is a Client, Fire Management Specialist. Id. ¶ 3. In July and August of 2014, Ms. St. Clair was the Critical Incident Stress Management (CISM) Coordinator for the Great Basin. Id. ¶ 8. On July 19, 2014, she was asked to provide a CISM peer support group to assist in an incident involving employees from the Warm Springs Agency. Id. ¶ 10. Ms. Barnett was the Human Resource Specialist assigned to the Incident Management Team and a member of the CISM team. Id. ¶ 11. Ms. St. Clair asked Mr. Rahman to assist with the CISM peer support group and he agreed. Id. ¶¶ 16-20.

An employee at the Warm Springs Agency worksite informed Ms. Barnett that she had previously filed a sexual harassment complaint against Mr. Rahman and had a restraining order against him. Compl. ¶ 29. This woman also described Mr. Rahman as a "pervert." Id. ¶ 29. The employee's complaint was resolved in 2011. Id. ¶ 30. Plaintiffs allege that Ms. Barnett then told other employees at the worksite that Mr. Rahman was a "pervert" and a "sex stalker," and some expressed their concern about Ms. St. Clair's judgment because of her decision to assign Mr. Rahman to the team. Id. ¶¶ 31, 33-34, 49-50. As a result of these actions, Mr. Rahman was asked to leave the worksite. Id. ¶ 37, 45-46.

On or about July 30, 2014, Ms. St. Clair received a call asking for a CISM Team in the Freemont-Winema National Forest. Compl. ¶ 52. Ms. Barnett was also assigned to this incident as the family liaison. Id. ¶55. Ms. St. Clair discussed Ms. Barnett's assignment with Supervisor Eric Watrud, and Mr. Watrud stated he would try to find another family liaison. Id. ¶¶ 56-57. Ms. St. Clair then asked Mr. Rahman to serve on the Freemont-Winema National Forest CISM Team. Id. ¶ 58. Before Mr. Rahman left to join the team, the Forest Supervisor for Fremont-Winema

National Forest, Kim Karalus, cancelled the CISM team because of the allegations against Mr. Rahman. Id. ¶¶ 63-76. Mr. Rahman was told to stand down because Ms. Barnett had told other employees involved in the Freemont-Winema National Forest response team that Mr. Rahman was a sexual predator and a pervert. Id. ¶ 71. Team members also expressed concern about Ms. St. Clair because of her decision to assign a team member with a history of sexual harassment. Id. ¶¶ 72-33.

## STANDARD

Under FED. R. CIV. P. 12(b)(1), the Court must dismiss a claim if the plaintiff fails to plead or establish subject-matter jurisdiction. The plaintiff bears the burden to establish that the Court has subject-matter jurisdiction. Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778 (9th Cir. 2000). For motions to dismiss under 12(b)(1), the Court may consider affidavits or other evidence submitted regarding the issue of subject-matter jurisdiction. Id. A 12(b)(1) motion may be a facial or factual challenge to the court's subject-matter jurisdiction. Gould Electronics, Inc. v. U.S., 220 F.3d 169, 176 (2000). If the attack is factual, 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill Pub. Co., Inc. v. General Tel. Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979) (quoting Mortenson v. First Federal Sav. & Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977)).

## DISCUSSION

Plaintiffs allege a defamation claim against Ms. Barnett.[1] Defendants argue that the United States is the proper defendant because Ms. Barnett is a federal employee and the alleged tortious act occurred during the course of her employment. United States employees are immune

---

[1] Plaintiffs have also named John Does in the complaint. However, their allegations do not address actions taken by Doe Defendants.

3 – Report and Recommendation

from liability for "negligent or wrongful acts or omissions . . . while acting within the scope of their office or employment." 28 U.S.C. § 2679(b)(1). If the Defendant was acting within the scope of her duties, the proper defendant in cases alleging tortious conduct is the United States. Kennedy v. U.S. Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998). In such cases, the United States must be substituted as the Defendant "without regard to whether the FTCA ultimately will permit recovery against the Government." Ward v. Gordon, 999 F.2d 1399, 1402 (9th Cir. 1993). Thus, the primary inquiry is whether Ms. Barnett was acting within the scope of her employment.

In these types of cases, if the Attorney General's Office believes the employee was acting within the scope of her employment, the Attorney General's Office will provide a letter of certification. Green v. Hall, 8 F.3d 695, 698 (9th Cir. 1993). If that certification has been submitted to the court, the party challenging it bears the burden of presenting evidence disproving the Attorney General's decision. Id. In this case, the Attorney General's office certified that Ms. Barnett was acting within the scope of her employment. (#22). Thus, Plaintiffs bear the burden of showing that Ms. Barnett was not acting in the scope of her employment when the alleged defamatory statements were made.

To determine whether an employee was acting within the scope of her employment, the court looks to the principles of respondeat superior flowing from the law of the state in which the alleged tort occurred. Wilson v. Drake, 87 F.3d 1073, 1076 (9th Cir. 1996). In this case, the alleged tort occurred in Oregon. Under Oregon law:

> Three requirements must be met to conclude that an employee was acting within the scope of employment. These requirements traditionally have been stated as: (1) whether the act occurred substantially within the time and space limits authorized by the employment; (2) whether the employee was motivated, at least partially, by a purpose to serve the employer; and (3) whether the act is of a kind which the employee was hired to perform.

Chesterman v. Barmon, 305 Or. 439, 442 (1988).

Plaintiffs do not dispute that Ms. Barnett acted within the time and space limits of her employment when the alleged statements were made. Pls.' Resp. at 4 (#18). However, Plaintiffs argue that "[m]aking such defamatory remarks in the manner **as alleged in the pleadings**, [is] not within the scope of employment for any federal employee no matter the assignment, role or title of the employee." (#18 pg. 2)(emphasis in original). This argument fails. No intentional tort is expressly sanctioned or allowed by an employer; yet, state law and the Federal Tort Claims Act allow employers to be held responsible for intentional torts under the theory of respondeat superior. See Fearing v. Bucher, 328 Or. 367, 372 (1999); Wilson v. Drake, 87 F.3d 1073, 1078 (9th Cir. 1996) ("Under the doctrine of respondeat superior, an employer is liable for an employee's torts, including intentional torts, if the employee was acting within the scope of employment.); 28 U.S.C. § 1346(b).

Further, the United States must be named as the defendant "unless and until the District Court determines that the employee, *in fact,* and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment." Osborn v. Haley, 549 U.S. 225, 231 (2007) (italics in original). Plaintiffs fail to carry this burden. Plaintiffs allege that Ms. Barnett told others at the Warm Springs worksite that Ms. Rahman was a "sexual pervert and untrustworthy," and she "accused Ms. Nelda St. Clair of assigning a known pervert and stalker" to the CISM team. At the Fremont-Winema worksite, Ms. Barnett allegedly referred to Mr. Rahman as a "pervert, sexual predator and a stalker." Compl. ¶ 71. There were also "expressions of concern that Ms. Nelda St. Clair, in assigning Mr. Asad Rahman to peer support duties inherent in the mission of CISM Teams, was not adhering to the Zero Tolerance policy on Sexual Harassment." Id. ¶ 72. Plaintiffs also state that Ms. Barnett based these allegations on a conversation with

another employee claiming personal knowledge of Mr. Rahman and his prior actions. Id.. ¶ 11. It may be that Ms. Barnett was not sufficiently discrete. She probably could have handled her discussions with more sensitivity. This is not sufficient, however, to take her actions outside of the scope of her employment. Ms. Barnett made comments to other employees regarding a potential Human Resource issue: an employee's prior alleged sexual misconduct in the workplace. This is generally the type of work she was hired to perform.

Moreover, Defendant provided an explanation and facts to demonstrate that Ms. Barnett was acting within the scope of her employment. Specifically, Ms. Barnett filed a declaration stating that her duties included, in part, "providing a point of contact for incident personnel to discuss human resource and civil rights concerns; keeping incident management informed of human resource and civil rights concerns; and working to resolve human resource and civil rights concerns." Barnett Decl. ¶ 3 (#16). As to the incidents in question, Ms. Barnett states that she told the Incident Commander and Incident Commander Trainee that Mr. Rahman had a complaint filed against him for sexual harassment. She also informed Ms. Nancy Wilson, the Bureau of Indian Affairs representative, because she was worried Ms. Wilson would walk Mr. Rahman to the part of camp in which the woman who filed the original complaint was located. These statements further demonstrate that Ms. Barnett's actions occurred within the time and space limits of employment, were of the kind she was hired to perform, and that she was motivated at least in part by a purpose to serve her employer – she was trying to do her job. Therefore, Ms. Barnett was acting within the scope of her employment when she made the alleged defamatory statements, and the United States is the proper defendant.

Ultimately, Plaintiffs' claims fall under the FTCA. The FTCA waives the United States Government's traditional sovereign immunity for torts committed within the scope of

employment. Broudy v. U.S., 661 F.2d 125, 127 (9th Cir. 1981). However, a number of exceptions have been carved out from this sweeping waiver of immunity. Id. "If a claim falls within any such exception the court is without jurisdiction to hear the case." Id. Notably, the FTCA exempts claims of defamation under 28 U.S.C. 2680(h). Siegert v. Gilley, 500 U.S. § 226 (1991). Therefore, because the United States has declined to waive immunity for defamation claims, and Ms. Barnett was acting with the scope of her employment, the United States is the proper defendant and Plaintiffs' claims fail.

## RECOMMENDATION

For the reasons stated above, Defendant's Motion to Dismiss (#15) should be GRANTED. This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. FED. R. CIV. P. 72. If objections are filed, any response is due within fourteen (14) days after being served with a copy of the objections. Id.

DATED this 25 day of November 2015.

MARK D. CLARKE
United States Magistrate Judge